### City of Arcola v. Kate Eckert and Eliza Eckert.

1. VERDICTS—*On Conflicting Evidence.*—Where the testimony is conflicting it is the peculiar province of the jury to determine where the truth lies.

Trespass on the Case, for damages caused by raising the grade of a street. Trial in the Circuit Court of Douglas County; the Hon. WILL-

IAM G. COCHRAN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

E. L. WALKER and BENJ. W. GERE, attorneys for appellant.

HORACE S. CLARK and JOHN F. SCOTT, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $400, recovered by appellees for damages to their residence lot, caused by appellant raising the grade of a street in front of it, whereby surface water was cast upon it and the way of egress and ingress between it and the street impaired.

A reversal is urged because the court erred in instructing the jury, and because the damages are excessive.

The evidence shows that, in making certain street improvements, dirt was hauled and dumped upon Locust street, in front of appellees' property, so that the grade of the street was raised from one to two feet above the entire frontage of the lot. There is sufficient evidence in the record to support a finding that this improvement impaired appellees' way of egress and ingress and that it increased the dangers of damage to the property from surface water. As is usual in cases of this character, there was great difference in the opinions of the various witnesses as to whether the value of the property was impaired or enhanced by the improvement, and upon the matter of damages. In the conflict, it was the peculiar province of the jury to determine. This court will not disturb their finding in that regard unless it is apparent that they were actuated by prejudice or acted from mere caprice, and that does not appear from the record. The testimony of several witnesses fixed the damages much higher than that awarded.

We are unable to see any serious objection to any of the instructions given for appellees. Complaint is made of the refusal of a certain instruction offered by appellant, and the

modification of another. While the refused instruction contained a correct proposition of law, appellant was not prejudiced by the action of the court in refusing it for the reason that the jury were fully instructed as to that proposition in other instructions. There was no error in modifying appellant's tenth instruction. Judgment affirmed.